IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-cr-30154-SMY |
| | ) |
| FELTON NELSON, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Before the Court is Defendant Felton Nelson's *pro se* Motion for Copies (Doc. 62). Nelson seeks copies of his sentencing memorandum and plea agreement. Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Thus, before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977). These minimal requirements do not impose any substantial burden to prisoners who desire their records be sent to them at government expense.

Nelson has not made the requisite showing. He has not demonstrated through sufficient evidence that he has exhausted all other means of access to his files or that the requested documents are necessary for the preparation of a specific non-frivolous court action. Therefore, the Motion is **DENIED**. If Nelson wishes to pay for a copy of the requested documents, he will need to send a letter to the Clerk of Court and request the cost of production.

**IT IS SO ORDERED.**

**DATED: July 24, 2020**

**STACI M. YANDLE**
**United States District Judge**